IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | } | |
| | } | |
| Christopher G. Taylor, | } | |
| | } | Case No. 23-40472-JJR7 |
| Debtor. | } | |

| | | |
|---|---|---|
| Christopher G. Taylor, | } | |
| | } | |
| Plaintiff, | } | |
| v. | } | A.P. No. 23-40012-JJR |
| | } | |
| Transcendent Electra Management, LLC, | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION IN SUPPORT OF DEFAULT JUDGMENT

On September 14, 2023, this adversary proceeding came before the court on the Motion for Default Judgment (Doc. 16) filed by the debtor-plaintiff, Christopher G. Taylor (the "Debtor"). The defendant, Transcendent Electra Management, LLC, a Delaware limited liability company ("TEM"), was leasing a residence to the Debtor when he filed his bankruptcy case on April 28, 2023.[1] TEM was properly served with the complaint but never answered or otherwise responded and did not appear at the hearing.[2]

---

[1] According to the Debtor's complaint, TEM does business under the name of ARK Homes For Rent.

[2] Pursuant to Fed. R. Bankr. P. 7055, incorporating Rule 55(a) of the Fed. R. Civ. P., the Clerk of this court entered TEM's default (Doc. 15) on August 24, 2023. This is a core proceeding and the court has jurisdiction to enter a final judgment pursuant to 28 U.S.C. § 157(b).

The court's findings as set forth herein are supported by the matters of record on its docket, the Debtor's credible and unrebutted testimony, and the well-pled facts in the complaint which are taken as admitted pursuant to Fed. R. Bankr. P. 7008, incorporating Fed. R. Civ. P. 8(b)(6). For the reasons stated herein, pursuant to § 362(k)(1) of the Bankruptcy Code[3] the Debtor is entitled to an award of actual damages for emotional distress, attorneys' fees, and costs. And in light of TEM's willful and egregious violation of the automatic stay, the Debtor is also entitled to recover punitive damages.

The Debtor originally filed his bankruptcy case under chapter 13 of the Code. TEM was properly notified of the case filing and the Debtor's chapter 13 plan (BK Doc. 4). The Debtor's plan proposed to assume his residential lease with TEM and cure the arrears. TEM ignored the automatic stay imposed upon it by Code § 362(a) and continued to pursue the eviction of the Debtor despite repeated notification by the Debtor's counsel via telephone calls, emails and letters to TEM and its counsel who was pursuing the eviction on its behalf. TEM and its counsel failed to acknowledge the notifications or honor the automatic stay. Thus, the Debtor filed this adversary proceeding on July 17, 2023, and thereafter converted his bankruptcy case to chapter 7 and abandoned his attempt to assume his lease with TEM (BK Doc. 41).

TEM refused to dismiss the eviction action pending in state court despite repeated requests by Debtor's counsel. If fact, Debtor's counsel filed a motion to dismiss the eviction suit in state court to protect his client and force TEM to respect the automatic stay. Having received no response from the TEM or its counsel, Debtor's counsel traveled to the state court venue to attend a hearing set on the dismissal motion. As luck would have it, at the last minute the state court judge was unavailable, and the hearing was cancelled. In the meanwhile, the Debtor

---

[3] 11 U.S.C. § 101, et seq. and herein, the "Code."

continued working as a truck driver and worried about what was going to happen to his home. TEM persisted with postpetition contact directly with the Debtor, threatening eviction and violating the automatic stay. TEM's flagrant violation of the stay caused the Debtor significant anxiety, worry, and distress. After the Debtor filed for bankruptcy protection, TEM posted an eviction notice on the Debtor's front door, which gained the attention of his neighbors, who contacted the Debtor while he was on the job driving a truck.

TEM's continued eviction efforts despite being notified of the Debtor's bankruptcy caused him significant distress, depression, worry, anger, anxiety, embarrassment, and loss of sleep. These actual physical manifestations of the emotional distress in turn caused the Debtor additional distress because of the potential impact on his job as a truck driver, which required adequate sleep, focus, and concentration to be performed safely. The lengths to which Debtor's counsel went to stop the stay violations before filing this proceeding compound the egregiousness of TEM's refusal to abate its stay violations. Inasmuch as TEM continued its efforts to wrongfully evict the Debtor, he voluntarily vacated the leased premises.

The court concludes the Debtor suffered significant emotional distress caused by TEM's knowing, willful, and egregious stay violations thus justifying actual and punitive damages under Code § 362(k).[4] The court accepts as reasonable and appropriate under these facts the Debtor's request for actual damages of $10,000.00 for emotional distress, and in addition thereto the sum of $5,670 for attorney fees plus $52.05 expenses owing to Debtor's counsel for his efforts to enforce the automatic stay (*see* AP Doc. 22). The Debtor requested punitive damages of $5,000

---

[4] *See Lodge v. Kondaur Cap. Corp.,* 750 F.3d 1263, 1271 (11th Cir. 2014) ("We thus hold that, at a minimum, to recover 'actual' damages for emotional distress under § 362(k), a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the significant emotional distress, and (3) demonstrate a causal connection between the significant emotional distress and the violation of the automatic stay.").

3

due to the egregious and relentless pursuit by TEM of the postpetition eviction. The court agrees that under these facts punitive damages in the requested amount are appropriate.

Although no longer germane considering the court's ruling, it is worth noting that the failure of TEM to register to do business as a foreign limited liability company with the State of Alabama would bar it from pursuing the enforcement of its contracts in this state, including its lease with the Debtor. Accordingly, notwithstanding the imminent discharge in the Debtor's bankruptcy case, the debt owed to TEM is unenforceable.[5]

Accordingly, in accordance with Rules 7055 and 7058 of the Fed. R. Bankr. P., incorporating Rules 55 and 58 of the Fed. R. Civ. P., final judgment by default will be entered by separate order in favor of the Debtor.

So done and ordered this 4th day of October 2023.

/s/ James J. Robinson
JAMES J. ROBINSON
U.S. BANKRUPTCY JUDGE

---

[5] It appears certain the Debtor will receive a discharge of his debts, including any owing to TEM. Thus, the unenforceability of his debt to TEM because of TEM failure to property register as a foreign LLC is likely a moot point.